UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FARMACIA REMEDIOS, INC.,
et al.,

NO. CIV. S-08-1443 LKK/GGH

Plaintiffs

v.

O R D E R

SANDRA SHEWRY, DIRECTOR OF
THE DEPARTMENT OF HEALTH
CARE SERVICES, STATE OF
CALIFORNIA, et al.,

Defendants.
_____/

Plaintiffs are a group of California pharmacies who brought suit in state court against the California Department of Health Care Services and its Director, seeking to prevent the implementation of a state law scheduled to go in effect on July 1, 2008. Pending before the court is plaintiffs' emergency motion to remand. For the reasons discussed herein, the court grants the motion.

## I. BACKGROUND[1]

---

[1]All allegations are derived from plaintiffs' complaint, unless otherwise noted.

1

1    Defendant   Department   of   Health   Care   Services   ("DHCS")
2    administers    California's    Medicaid    program,    Medi-Cal.    The
3    administration of Medi-Cal must be conducted with the approval of
4    the Centers for Medicare and Medicaid Services ("CMS"), a federal
5    agency    under    the    Department    of    Health    and    Human    Services.
6    Pharmacies, including the plaintiffs, are reimbursed by Medi-Cal
7    for prescription drugs they have dispensed to Medi-Cal patients.

8    On February 16, 2008, the California Legislature enacted The
9    10% Rate Reduction Act, AB X3-5, which will go into effect on July
10   1, 2008. The Act provides that payments to providers for fee-for-
11   service benefits would be reduced by ten percent. Plaintiffs allege
12   that the Act is unenforceable because the Act itself states that
13   it may only be implemented upon federal approval.

14   Plaintiffs filed their action in state court on June 9, 2008.
15   Plaintiffs sought: 1) a writ of mandate for violation of California
16   law, 2) an injunction preventing the implementation of the Act, and
17   3) a declaration that the Act is unenforceable and invalid.
18   Concurrent with their complaint, plaintiffs filed an ex parte
19   application for a temporary restraining order and preliminary
20   injunction. On June 9, 2008, the state court judge set a hearing
21   on this motion for June 20, 2008. On June 19, 2008, defendants
22   removed the case to this court.

23                                **II. STANDARD**

24   The removing defendant always has the burden of establishing
25   federal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
26   Cir. 1992). A defendant may remove any state court action to

2

1  federal district court if the latter court has original
2  jurisdiction under "a claim or right arising under the
3  Constitution, treaties or laws of the United States." 28 U.S.C. §
4  1441; <u>see</u> <u>also</u> 28 U.S.C. § 1331. Whether a cause of action arises
5  under the Constitution, treaties, or laws of the United States must
6  be determined solely from what is contained in the plaintiff's
7  well-pleaded complaint. <u>Taylor v. Anderson</u>, 234 U.S. 74, 75-76
8  (1914). Federal jurisdiction is not proper when the federal
9  question only arises through the defendant's defense or the
10  plaintiff's necessary response thereto. <u>Id.</u>; <u>Christianson v. Colt</u>
11  <u>Indus. Operating Corp.</u>, 486 U.S. 800, 809 (1988).

12      Civil actions not involving a federal question are removable
13  to a federal district court only if there is diversity of
14  citizenship between the parties. 28 U.S.C. § 1332(a)(1). The
15  defendants do not predicate removal on this basis, nor could they.
16  Rather, they assert that removal is proper because the action
17  implicates federal law. The court cannot agree.

18                          **III. ANALSIS**

19      District courts have original jurisdiction over civil
20   actions that arise under any Act of Congress. 28 U.S.C. § 1331.
21  Jurisdiction under § 1331 extends to cases where federal law
22  creates a cause of action within the constraints of the well-
23  pleaded complaint or where the resolution of a substantial question
24  of federal law is necessary for recovery on plaintiff's claim.
25  <u>Christianson</u>, 486 U.S. at 809; <u>Hunter Douglas, Inc. v. Harmonic</u>
26  <u>Design, Inc.</u>, 153 F.3d 1318, 1328-29 (Fed. Cir. 1998), overruled

                                3

1   on other grounds by <u>Midwest Indus., Inc. v. Karavan Trailers, Inc.</u>,

2   175 F.3d 1356 (Fed. Cir. 1999). Notwithstanding a plaintiff's

3   artful pleading, a federal court may assert jurisdiction where the

4   causes of action are completely preempted by federal law or where

5   the state law claims implicate "a substantial federal question."

6   <u>Lippitt v. Raymond James Fin. Servs.</u>, 340 F.3d 1033, 1041 (9th Cir.

7   2003); <u>see also</u> <u>Baker v. BDO Seidman, L.L.P.</u>, 390 F. Supp. 2d 919,

8   924 (N.D. Cal. 2005) (observing that the Ninth Circuit's

9   construction of the artful pleading rule favors remand more often

10   than the Second Circuit's more liberal construction of the rule).

11   A substantial federal question exists where "a substantial,

12   disputed question of federal law is a *necessary* element of the

13   well-pleaded state claim" or where the plaintiff's right to relief

14   depends on the resolution of a substantial, disputed question of

15   federal law. <u>Lippitt</u>, 340 F.3d at 1042 (emphasis in original).

16       Where a plaintiff has pled alternative grounds for relief,

17   some of which do not rely on federal law, assertion of federal

18   jurisdiction is improper. <u>Rains v. Criterion Systems, Inc.</u>, 80 F.3d

19   339, 346 (9th Cir. 1996) (holding federal jurisdiction improper in

20   a suit for discrimination, where plaintiff has alleged both state

21   and federal theories). <u>Lippitt</u>, 340 F.3d 1033, is informative on

22   this point. There, the plaintiff filed a complaint in state court,

23   alleging that defendants had violated the UCL, Cal. Bus. & Prof.

24   Code § 17200 *et seq.*, in their marketing of certain "callable

25   certificates of deposit (CDs)." <u>Id.</u> at 1036. Defendants removed on

26   the basis that the complaint appeared to seek enforcement of the

1    New York Stock Exchange's rules and regulations, under the federal

2    Exchange Act. Id. The district court agreed, asserting jurisdiction

3    on the basis that plaintiff appeared to seek a ban on the sale of

4    the callable CDs. Id. at 1040.

5         The Ninth Circuit reversed, holding that the complaint could

6    be read as seeking to enforce only state law, not federal law. Id.

7    at 1037, 1040. Specifically, the complaint could be interpreted to

8    only challenge the marketing techniques of the defendants, not

9    necessarily requiring a ban on sale of the callable CDs for relief.

10   Id. That the defendants' misconduct under state law "overlaps with

11   conduct that is likewise proscribed by" federal law did not

12   transform the complaint into one that was necessarily federal in

13   character. Id.

14        Here, the defendants have not shown that there is a

15   substantial federal question that makes the assertion of the

16   court's jurisdiction proper. The plaintiffs allege that defendants

17   have failed to comply with Cal. Wel. & Inst. Code § 14105.19, which

18   requires DHCS to "promptly seek any necessary federal approval for

19   the implementation of this Section." Plaintiffs correctly assert

20   that they could succeed in their claims by showing that DHCS did

21   not "promptly" seek any federal approval for the implementation of

22   the Act. This is a route to relief that only requires consideration

23   of the meaning of "promptly seek" under state law and would not

24   require a court to interpret or apply federal regulations.

25        This is true too of the statute's reference to "necessary

26   federal approval." Although "necessary" suggests it is defined by

5

1   federal law, i.e., what approval the federal regulations require,

2   the plaintiff has pled an alternate route to relief here, as well.

3   Plaintiffs allege that "CMS has informed DHCS that implementation

4   of [the Act] requires a State Plan Amendment." Compl. ¶ 5. A court

5   could find that this sufficiently demonstrates that the approval

6   is necessary and an inquiry into the federal regulations is not

7   necessary. <u>Cf</u>. <u>Lippitt</u>, 340 F.3d at 1042 (complaint not a

8   substantial federal question although the alleged misconduct

9   "overlaps with conduct that is likewise proscribed by" federal

10  law). Even if the determination of the agency is in error, that is

11  a matter not of the contents of the well pleaded complaint, but of

12  the answer. Thus federal question jurisdiction cannot be determined

13  from the contents of plaintiff's complaint, and accordingly, the

14  matter must be remanded. <u>Taylor</u>, 234 U.S. at 75-76.

15          Finally, plaintiff seeks attorneys fees related to the remand

16  motion. The court retains jurisdiction to consider a motion for

17  attorneys' fees at a later date upon more complete briefing by the

18  parties. This issue need not be resolved in the instant, expedited

19  motion. The court notes, however, that upon careful consideration,

20  it does not appear that the removal was frivolous. And the

21  plaintiffs might well consider the court's judgment in pursuing the

22  aspect of its motion.

23  //

24  //

25  //

26  //

1

**IV. CONCLUSION**

2          Plaintiffs' motion to remand is GRANTED. The action is

3   REMANDED to the Superior Court of the State of California, County

4   of Sacramento.

5          IT IS SO ORDERED.

6          DATED:   June 26, 2008.

7

8

9                              LAWRENCE K. KARLTON
                               SENIOR JUDGE
10                             UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26